FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 08 2005 ★

ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X LONG ISLAND OFFICE

VICTOR BROWNLEE and LORETTA SCHWANEMANN,
                             Plaintiffs,

              -against-

BRENDA REISS, COUNTY OF NASSAU,
NASSAU COUNTY SHERIFF'S DEPARTMENT,
NASSAU COUNTY SHERIFFS JOHN DOE 1 - 10
                             Defendant.
--------------------------------------------------------------X

CV 05 1271
(S.I.)
Index No.:

**VERIFIED COMPLAINT**

**JURY TRIAL DEMANDED**

PLATT, J.

J. ORENSTEIN, M.J.

        Plaintiffs, VICTOR BROWNLEE and LORETTA SCHWANEMANN, by and through their attorneys, the **LAW OFFICES OF FREDERICK K. BREWINGTON,** as and for their complaints against Defendants, respectfully state and allege, upon information and belief, as follows:

### PRELIMINARY STATEMENT

        1.        This is a civil action seeking injunctive relief, monetary relief, (including past and ongoing economic loss, compensatory and punitive damages, disbursements, costs and fees for violations of rights), brought pursuant to RPAPL §853, Breach of Contract, 42 U.S.C. §§1981, 1982, 1983, 3601, and New York Executive Law §296.

        2.        This action is brought against BRENDA REISS, the COUNTY OF NASSAU, NASSAU COUNTY SHERIFF'S DEPARTMENT, and SHERIFFS JOHN DOE 1 - 10 in their individual and official capacities, for committing acts under color of law and depriving Plaintiffs of rights secured by the Constitution, the laws of the United States and the State of New York.

        3.        Plaintiffs allege that Defendants forcefully and unlawfully evicted Plaintiffs from their home. The wrongful conduct of the Defendants had the tacit authorization of the COUNTY OF NASSAU and the NASSAU COUNTY SHERIFF'S DEPARTMENT. Said use of unjustified authority and force on Plaintiffs deprived them of their civil and constitutional rights.

4. Such acts caused Plaintiffs VICTOR BROWNLEE and LORETTA SCHWANEMANN injuries including but not limited to personal injuries to their minds and bodies, unnecessary and unwanted pain and suffering, violation of civil rights, permanent damage to reputation and standing in the community, loss of comfort, support, extreme mental and emotional stress, and other injuries not yet fully ascertained.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court is invoked under 28 U.S.C. § 1331 and § 1343(3).

6. Venue herein is proper under 28 U.S.C. § 1391(b); the cause of action arose in the Eastern District of New York, and all of the Defendants reside or are located in Nassau County.

## PARTIES

7. That plaintiffs are adults over the age of 18 years and reside in Brooklyn, County of Kings and were tenants at 1496 Wantagh Avenue, Wantagh, New York, County of Nassau at the time that this claim arose.

8. Upon information and belief, the defendant BRENDA REISS is an adult over the age of 18 years and resides at 33 Bayberry Road, Lawrence, New York.

9. Upon information and belief, at all times hereinafter mentioned and on November 25, 2004, the Defendant SHERIFFS JOHN DOE 1 - 10 were employed by the Nassau County Sheriff's Department, located in Nassau County, New York. The actual names of these Defendants are not currently known by the Plaintiffs.

10. Upon information and belief, at all times hereinafter mentioned and on November 25, 2003 Defendant REISS was the owner of a building located at 1496 Wantagh Avenue, Wantagh, County of Nassau, and State of New York.

## FACTUAL ALLEGATIONS

11. That said building and parts thereof are rented, leased, let or hired out be occupied as

an abode, residence or home.

12.     That on the 1st day of March, 2003 and prior thereto, the plaintiffs entered into an agreement for the occupancy of an apartment of said building. Plaintiff's paid advance rent in the amount of $1,250.00 and moved all of their belongings into the apartment with the knowledge and assistance of defendant.

13.     The Plaintiff, MS. SCHWANEMANN, who is white, was the first one of the Plaintiffs to meet Defendant REISS and to see the rental unit. Plaintiff, SCHWANEMANN, responded to a news paper advertisement for the rental unit. When MS. SCHWANEMANN went to the see the rental unit, she met Defendant REISS for the first time.

14.     Defendant REISS showed no hesitation in renting the unit to MS. SCHWANEMANN and her family while she was under the assumption that the Plaintiffs' family was white. Defendant was in fact, quite enthusiastic about renting the property to Plaintiff, MS. SCHWANEMANN.

15.     Two days later, when Plaintiff, MR. BROWNLEE, who is African-American, met Defendant REISS for the first time, Defendant REISS appeared surprised and uncomfortable. The Defendant stated that she didn't want Plaintiff, MR. BROWNLEE on the lease or living in the rental unit; even though there was no problem prior to learning that Plaintiff MR. BROWNLEE is African-American. Defendant REISS's acts of discrimination against Plaintiffs' began to surface when she did not want MR. BROWNLEE to reside in her rental unit because of his race.

16.     Plaintiffs informed Defendant REISS that MR. BROWNLEE had to be on the lease and live in the home with his family because he was the sole income for the family and he had a higher credit rating than his Fiancee', Plaintiff MS. SCHWANEMANN.

17.     The Defendant insisted that Plaintiff MS. SCHWANEMANN should be the one on the lease, not MR. BROWNLEE, because MS. SCHWANEMANN is white and Defendant REISS only

wanted to rent the property to white tenants. However, after the credit check was done, Defendant REISS reluctantly signed a lease agreement with Plaintiff, MR. BROWNLEE because he was the person who was qualified.

18.   Plaintiffs went through great expense to move their belongings into the apartment and they paid Defendant the first month's rent on time.

19.   Once they moved in, they requested Defendant REISS to fix a hole in the wall. The Defendant never fixed the hole in the wall. Defendant REISS failed to fulfill any of Plaintiffs requests regarding the rental unit. Defendant REISS refused to make the rental unit more comfortable for Plaintiffs with the intention that if she refused to fix anything, Plaintiffs would move out. Her refusal to act was intended to force Plaintiffs out of the rental unit with having to actually evict them.

20.   Plaintiffs also complained about raccoons in the area around the house at night. This was another problem that Defendant REISS never corrected. As stated above, Defendant REISS refused to accommodate any of Plaintiffs' requests in hopes that they would vacate the property because she knew she had no legitimate reason to evict them.

21.   Plaintiffs notified Defendant that the second month's rent would be late. The second month's rent was paid late, but it was paid in cash and Defendant REISS gave the Plaintiffs a receipt.

22.   Plaintiffs notified Defendant that the third month's rent would be late and the Defendant agreed. The third month's rent was paid late but in full. A cause of action had already been brought in Landlord-Tenant Court between Plaintiffs and Defendant REISS.

23.   Plaintiffs tried to pay rent for the fourth month but the Defendant refused to accept the funds. Defendant REISS was refusing to accept proper payment towards the rent because she intended to evict Plaintiffs for no other reason than a racial bias, however she had no valid reason to base an eviction on. By refusing to accept the rent, Defendant REISS tried to mask her discriminatory

behavior and have the Plaintiffs evicted for non-payment.

24. The Cause of Action in Landlord-Tenant Court went to Mediation and the parties came to a written agreement in the mediation. However, after the mediation Defendant REISS refused to accept the agreed upon amounts and every time Plaintiffs tried to pay the Defendant, the money was refused. These actions were in furtherance of her racially-motivated and discriminatory goal to evict Plaintiffs.

25. The Defendant was aware that Plaintiff BROWNLEE, was awaiting a lump sum of money due to an accident he had been in. Thereafter, every time MR. BROWNLEE tried to pay Defendant the agreed amount of $ 7,000, Defendant refused insisting that she wanted the him to pay the whole year's rent in advance.

26. Upon information and belief, Defendant even contacted MR. BROWNLEE'S personal injury attorney to refuse the $7,000 and demand $12,000 in it's place. Defendant REISS refused the payment of $7,000 and demanded $12,000 knowing that it was a completely unreasonable and unecessary request. Defendant REISS refused payment because she was attempting to create a fraudulent and unlawful basis to evict Plaintiffs from the premises. However, the true basis for her attempt to evict Plaintiffs was racial discrimination all along.

27. On the morning of November 25, 2003, Defendants Nassau County Sheriffs John Doe 1 - 10, entered the premises of 1496 Wantagh Avenue and advised MR. BROWNLEE and MS. SCHWANEMANN that Defendants John Doe 1 - 10 were there to evict them from their home.

28. Plaintiffs were shocked that they were going to be evicted, because they were not expecting to be homeless when they had been doing everything they could to fulfill the lease agreement. That had been trying to pay the rent to Defendant REISS, but it was Defendant REISS who would not accept the rent. Defendant REISS was unlawfully forcing Plaintiffs out and she now had

Nassau County Sheriffs John Doe 1 - 10 helping her.

29. Plaintiff, MR. BROWNLEE went to the Honorable Judge Skelos to request a stay on the eviction. MR. BROWNLEE explained the situation and the actions taken by Defendant REISS to Judge Skelos, respectfully requesting a judicial order to stay the eviction. Judge Skelos signed a written order to stay the eviction and Plaintiff, VICTOR BROWNLEE was provided with a copy of the order.

30. The Honorable Judge Skelos personally called Defendant SHERIFFS JOHN DOE 1 - 10 at the scene while Plaintiffs belongings were being removed from the property. Judge Skelos specifically told Defendant SHERIFFS JOHN DOE 1 - 10 that the eviction had been stayed and to stop moving Plaintiffs' belongings. SHERIFFS JOHN DOE 1 - 10 refused to follow Judge Skelos' instructions. Instead SHERIFFS JOHN DOE 1 - 10 and REISS unlawfully, maliciously, and forcefully evicted Plaintiffs' from their home.

31. Plaintiffs have been wrongfully evicted and locked out in violation of RPAPL Section 853. Once Defendant REISS and Defendant SHERIFF JOHN DOE wrongfully removed and evicted the Plaintiffs, Plaintiffs were forced to pay for storage for all of their belongings and to live in a car.

32. Plaintiffs were forced to spend the holiday season living out of their car and showering their children and themselves at relatives' homes.

33. Upon information and belief, without notice or permission, Defendant REISS changed locks on plaintiffs' apartment and, with the help of Defendant SHERIFF JOHN DOE forcibly removed plaintiffs belonging from the apartment.

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFFS VICTOR BROWNLEE AND LORETTA SCHWANEMANN
### UNLAWFUL EVICTION

34. Plaintiffs repeat and reiterate each and every allegation made herein above in paragraphs 1 through 33, and re-allege them as though same were repeated here in their entirety.

35.     Defendants had clear and personal knowledge about a judicial order to stay the eviction, yet they chose to ignore the order and physically and completely evicted Plaintiffs from their home.

36.     Plaintiffs have been denied proper access and are forced to immediately vacate and attempt to remove all of their property and have been wrongfully evicted.

37.     Plaintiffs have been forced to seek emergency housing for themselves and have been without access to all of their belongings as well as the rental property.

38.     Plaintiffs have been damaged emotionally and financially in a sum in excess of $1,000,000.00 which pursuant to RPAPL Section 853 should be trebled.

## AS AND FOR A SECOND COUNT
## BREACH OF CONTRACT

39.     Plaintiffs repeat and reiterate each and every allegation made herein above in paragraphs 1 through 38, and re-allege them as though same were repeated here in their entirety.

40.     Defendant REISS offered to rent and indeed did rent Plaintiffs the apartment mentioned herein above.

41.     Plaintiffs accepted Defendant REISS's offer to rent the premises and provided due and proper consideration in the amount of $1,250.00, said sum which was negotiated, accepted and charged by Defendant REISS.

42.     Defendant REISS has refused to honor the agreement entered into between the parties and has breached the contract created, by unlawfully evicting Plaintiffs from the rented premises.

43.     Plaintiffs have been denied proper access to their residence and their belongings. They have been forced to immediately vacate premises that they had a contractual right to possess. Defendant's breach of contract has caused Plaintiffs to be unable to access their personal belongings and has also caused Plaintiffs to be wrongfully evicted.

44. Plaintiffs have been forced to seek emergency housing for themselves and have been without access to all of their belongings as well as the apartment.

45. Tenant has been damaged emotionally and financially in a sum in excess of $100,000.00.

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF PLAINTIFFS VICTOR BROWNLEE AND LORETTA SCHWANEMANN
### 42 U.S.C. SECTION 1981

46. The Plaintiffs repeat and reiterate the allegations set forth in paragraphs 1 through 45, with the same force and effect as though fully set forth herein.

47. The above acts and the accompanying racial motivation for them violate 42 U.S.C. §1981 of the Civil Rights Act of 1964 (as amended).

48. As a result of said violations, wrongful and intentional acts, Plaintiffs have suffered economic and emotional damages. At all times relevant to this complaint, because of Defendant's deliberate denial of Plaintiff's request to lease and reside in the apartment at 1496 Wantagh Avenue, (the "PROPERTY"), solely on the basis of race and color of Plaintiff BROWNLEE, Plaintiffs endured a loss of an opportunity to provide adequate housing for themselves and their children. Plaintiffs also incurred unforeseeable expenses, including the cost of storage, relocation, and searching for adequate housing for themselves.

49. As a direct result of said violations, Plaintiffs have further suffered economical losses and tremendous emotional distress, embarrassment, humiliation, inconvenience, anxiety and frustration.

50. Accordingly, Plaintiffs seek compensatory and punitive damages in the sum of not less than one million dollars ($1,000,000).

## AS AND FOR A FOURTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFFS VICTOR BROWNLEE AND LORETTA SCHWANEMANN
## 42 U.S.C. §1982

51. The Plaintiffs repeat and reiterate the allegations set forth in paragraphs 1 through 50, with the same force and effect as though fully set forth herein.

52. The denial of Plaintiffs' requests to remain as residents of the said rental property to use, hold and enjoy was based on the Defendant REISS's racial animus, and intent to treat Plaintiffs unequally and unevenly, because of Plaintiff BROWNLEE's race and color. Said acts and intent violate 42 U.S.C. §1982.

53. As a result of said violations, wrongful and intentional acts, Plaintiffs have suffered economic and emotional damages. At all times relevant to this complaint, because of Defendant REISS's deliberate denial of Plaintiffs' request to lease the PROPERTY of defendant, Plaintiffs endured a loss of an opportunity to provide adequate housing for themselves and their children. Plaintiffs also incurred unforeseeable expenses, including the cost of storage relocation, and searching for adequate housing for themselves and other costs.

54. As a direct result of said violations, Plaintiffs have further suffered tremendous emotional distress, embarrassment, humiliation, inconvenience, anxiety, and frustration.

55. Accordingly, Plaintiff seeks compensatory and punitive damages, in the sum of not less than one million ($1,000,000.00) dollars.

## AS AND FOR A FIFTH CAUSE OF ACTION
## ON BEHALF OF VICTOR BROWNLEE AND LORETTA SCHWANEMANN
## 42 U.S.C. §1983

56. The Plaintiffs repeat and reiterate each and every allegation set forth in paragraphs 1 through 55, with the same force and effect as though fully set forth herein.

57. On November 25, 2003 Plaintiffs were forcefully and unlawfully evicted from their residence by Defendants.

58. On November 25, 2003, Plaintiff VICTOR BROWNLEE obtained a Judicial Order to stay the eviction. Defendant NASSAU COUNTY, NASSAU COUNTY SHERIFFS DEPARTMENT and Defendant SHERIFFS JOHN DOE 1 - 10 were notified of the Judicial Order yet they ignored the order and forcibly removed Plaintiffs from the property.

59. Upon information and belief, the eviction and forceful removal was ordered and directed by Defendants COUNTY, SHERIFF'S DEPARTMENT, and SHERIFFS JOHN DOE 1 - 10.

60. The eviction and forceful removal caused Plaintiffs to be deprived of their property without due process and they were further exposed to disgrace, public humiliation and embarrassment.

61. Defendants, COUNTY, SHERIFFS DEPARTMENT, and SHERIFFS JOHN DOE 1-10, separately and in concert acted outside the scope of their jurisdiction and without authorization of the law and the Defendants, separately and in concert acted willfully, knowingly and purposefully with the specific intent to deprive Plaintiffs of their right to property and freedom from illegal and forceful eviction.

62. Defendants, COUNTY, SHERIFFS DEPARTMENT, and SHERIFFS JOHN DOE 1 - 10, and each of them took an active role in such eviction against Plaintiffs in a discriminatory purpose based on Plaintiff BROWNLEE's race.

63. As a direct result of said violations, Plaintiffs have further suffered tremendous emotional distress, embarrassment, humiliation, inconvenience, anxiety, and frustration.

10

64.     Accordingly, Plaintiff seeks compensatory and punitive damages, in the sum of not less than one million ($1,000,000.00) dollars.

## AS AND FOR A SIXTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFFS VICTOR BROWNLEE AND LORETTA SCHWANEMANN
## 42 U.S.C.§3601 et seq.
## FAIR HOUSING ACT

65.     The Plaintiffs repeat and reiterate the allegations set forth in paragraphs 1 through 64, with the same force and effect as though fully set forth herein.

66.     All Defendants subjected the Plaintiffs to delay, and "surprise" notice of eviction from the rental property in an attempt to harm, discourage and prevent the leasing of the PROPERTY to an African-American. No such obstacles were placed before other potential renters requesting similar leasing arrangements.

67.     In denying Plaintiffs' request to continue renting the PROPERTY, the Defendants engaged in actions which discriminatory.

68.     In refusing the permit Plaintiffs' well articulated, well documented requests to continue renting the PROPERTY, the Defendant created an unfair housing practice. Defendants unlawfully evicted the Plaintiffs and the Plaitniffs were denied the opportunity to lease the PROPERTY, and provide adequate housing for themselves and their children.

69.     The Defendant's unfair housing practices and denial of the PROPERTY's availability was based on Plaintiffs' race and color.

70.     The above acts and the accompanying racial motivation for them violate 42 U.S.C. §§3601, 3604(a), (b), and (d) of the Fair Housing Act.

71. As a result of said violations, wrongful and intentional acts, Plaintiffs have suffered economic and emotional damages. At all times relevant to this complaint, because of Defendant's deliberate denial of Plaintiff's request to lease the PROPERTY, Plaintiffs endured a loss of an opportunity to provide adequate housing for themselves, and their children. Plaintiffs also incurred unforeseeable expenses, including the cost of storage, relocation, and searching for adequate housing for themselves and new born baby, and attorney's fees.

72. As a direct result of said violations, Plaintiffs have further suffered tremendous emotional distress, embarrassment, humiliation, inconvenience, anxiety, and frustration.

73. Accordingly, Plaintiffs seeks compensatory and punitive damages, in the sum of not less than one million dollars ($1,000,000).

### AS AND FOR A SEVENTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFFS VICTOR BROWNLEE AND LORETTA SCHWANEMANN
### NEW YORK EXECUTIVE LAW §296

74. The Plaintiffs repeat and reiterate the allegations set forth in paragraphs 1 through 73, with the same force and effect as though fully set forth herein.

75. Defendant, REISS, by way of breach of her contract to lease and then her retaliatory treatment of Plaintiffs, the discriminatory treatment of Plaintiffs on the basis of race and color, and the intentional creation of unequal terms and conditions surrounding the lease of the PROPERTY, denied the Plaintiffs their rights to equal protection of the local, state and federal laws.

76. By unlawfully evicting the Plaintiffs' at the last minute after Plaintiffs made every attempt to pay the rent and fulfill the contract, Defendant REISS subjected Plaintiffs to discriminatory treatment, in relation to housing and property accommodations, based on race and

color. Said acts violate the New York State Human Rights Law (Executive Law § 296).

77.     As a result of said violations, Plaintiffs have suffered economic and emotional damages. Accordingly, Plaintiffs seek compensatory and punitive damages, in the sum of not less than one million dollars ($1,000,000).

## PRAYER FOR RELIEF

Plaintiffs request that they receive judgement as follows:

a.  On the First Cause of Action in the sum of One Million Dollars ($1,000,000.00) which should be trebled;

b.  On the Second Cause of Action in the sum of One Million Dollars ($1,000,000.00);

c.  On the Third Cause of Action in the sum of One Million Dollars ($1,000,000.00);

d.  On the Fourth Cause of Action in the sum of One Million Dollars ($1,000,000.00);

e.  On the Fifth Cause of Action in the sum of One Million Dollars ($1,000,000.00);

f.  On the Sixth Cause of Action in the sum of One Million Dollars ($1,000,000.00);

g.  On the Seventh Cause of Action in the sum of One Million Dollars ($1,000,000.00)

## TRIAL BY JURY IS DEMANDED

Dated:     Hempstead, New York
           March 8, 2005

FREDERICK K. BREWINGTON (FB-5295)
LAW OFFICES OF
FREDERICK K. BREWINGTON
*Attorneys for Plaintiffs*
50 Clinton Street, Suite 501
Hempstead, New York 11550
(516)489-6959